MEMORANDUM*
Alsea Valley Alliance (“Alsea”) appeals the district court’s grant of summary judgment to the government in Alsea’s challenge to the listing of sixteen distinct population segments (“DPSs”) of West Coast salmon as well as to the modified § 4(d) “take” regulations. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.
Alsea alleges that the National Marine Fisheries Service (“NMFS”) violated the Endangered Species Act by “(1) distinguishing between hatchery stocks and ‘natural’ salmon populations in its listing process, (2) promulgating a protective [§ 4(d) ] regulation that distinguishes between hatchery stocks and natural populations, and (3) including salmon populations that do not interbreed in listed population segments.”
For the reasons discussed in our opinion in Trout Unlimited v. Lohn, Nos. 07-35623, 07-35750, filed concurrently with this disposition, the district court’s rulings as to claims (1) and (2) are affirmed.
As to the third claim, Alsea contends that the listed DPSs are overbroad because they include fish that do not interbreed “with regularity.” This claim is based on the Endangered Species Act’s definition of “species” — a definition which includes “any subspecies of fish ..., and any distinct population segment of any species of vertebrate fish ... which interbreeds when mature.” 16 U.S.C. § 1532(16) (emphasis added). Alsea reads this definition to require members of a DPS to interbreed with reasonable regularity. NMFS’s interpretation of the statute, on the other hand, does not require regular interbreeding.
Notably, nothing in the text of 16 U.S.C. § 1532(16) specifies the frequency at which interbreeding must occur and the phrase “interbreeds when mature” is plausibly subject to the interpretations put forth by Alsea and NMFS. We are satisfied that the agency’s interpretation, which focuses on “reproductive isolation” rather than regular interbreeding, is “a permissible construction of the statute.” Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Absent any language in § 1532(16) requiring a particular level of interbreeding, we conclude that NMFS, relying on the best available science, acted reasonably in applying a construction call *590 ing for a low, rather than a high, rate of interbreeding.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.